May 23, 1939


Honorable A. P. Prestwood
County Auditor
Smith County
Tyler, Texas


Dear Sir:                    Opinion O-170
                             Re: Whether $50.00 allowed to
                                 County Superintendents for
                                 expenses under Article 2700,
                                 Revised Civil Statutes,
                                 1925, covers only traveling
                                 and car expense, or both
                                 traveling expense and office
                                 expense.

        Your request for an opinion from this depart-
ment by letter of May 16, reads as follows:

                "Refering to Article 2700 R.C.S.
        1925 relative to Salary and Expense
        allowed County Superintendent.

                "The County Superintendent of
        Smith County is allowed from the
        State and County Available Fund
        $50.00 per month for expenses.

                "Will you please give me a rul-
        ing whether or not this covers only
        traveling and car expense or does it
        cover office expense as well."

        Article 2700, Revised Civil Statutes of 1925,
which determines the annual salary to be paid the County
Superintendents, based on the scholastic population of
their respective counties, contains the following rele-
vant provisions pertaining to the expenses of the County
Superintendents:

                " . . . In making the annual
        per capita apportionment to the

schools, the county school trustees
shall also make an annual allowance
out of the State a.d county avail-
able funds for salary and expenses
of the office of the county superin-
tendent, and the same shall be pro-
rated to the schools coming under the
supervision of the county school sup-
erintendent. . .The county board of
trustees may make such further provi-
sion as it deems necessary for office
and traveling expenses for the county
superintendent and any assistant he
may have; provided that expenditures
for office and traveling expenses
shall not exceed three hundred dol-
lars per annum, and the county board
of trustees may make provision for
the employment of a competent assist-
ant for the county superintendent who
shall, in addition to his other du-
ties, act as attendance officer; . . ."

The Revised Civil Statutes of 1911, Article
2758, Acts of 1907, contained the following provision:

". . .that the county superintendent
shall be allowed any sum not to ex-
ceed One Hundred Dollars per year for
stamps, stationary, expressage and
printing to be paid by the Commission-
ers' Court out of the county general
fund. . ."

No traveling expense was thus allowed, and such expense
of office was restricted to such classifications as
similar to the items listed.

By the Acts of 1920, Third Called Session,
Chapter 57, the Legislature evidently seeing that this
$100.00 per year expense was inadequate, and that the
County Superintendent was put to quite an expense in
going from one school to another in his county, amended
Article 2758, Revised Civil Statutes, 1911, making such
expense provisions read substantially the same as now
appear in the Acts of 1923, our present Article 2700,
Revised Civil Statutes, 1925.

It will be noted that since the amendment as contained in Article 2700, to the Acts of 1907, Article 2758, Revised Civil Statutes, 1911, the county trustees are directed to make an annual allowance out of the State and county available funds for salary and expenses of the office of the County Superintendent. The Legislature no doubt intended for the words "expenses"of the office" to be given a liberal and broad meaning. It does not appear, however, that the Legislature intended to confine such expense to traveling expense, or to restrict such expense to those items formerly enumerated, strictly speaking, office expense such as stationary, stamps and the like, and omitted from the amendment. We construe the entire Act to allow reasonable and necessary expenses incurred in the legal and proper conduct of the office of County Superintendent. This view is supported also by the provision in the statute which limits the amount of such expenditures made by the County Superintendent, and with any assistant, if any, which provides "that expenditures for office and traveling expenses shall not exceed Three Hundred Dollars," . . . (underscore ours).

Our attention is also called to the following words of the caption of the bill enacted in 1920 at the Third Called Session, Chapter 57, which read:

> "An Act to amend Article 2758, . . .
> relating to the salaries of said
> County Superintendents of public in-
> struction, increasing the salaries
> of said County Superintendents, pro-
> viding for office and traveling ex-
> penses; . . . "

We think the language contained in Article 2700 is clear as to the limit that can be set aside by the county trustees and expended by the County Superintendent, whether such covers stationary and stamps or expenses of travel, or whether he has an assistant or not. Reading the Act as a whole, it is evident that the provision limiting expenditures to Three Hundred Dollars per annum for office and traveling.expenses, applies to the term "expenses of the office of the County Superintendent" without distinguishing between expense incurred while traveling and purely office expense.

It is, therefore, the opinion of this department that any sum, not to exceed Three Hundred Dollars

per annum, allowed as expenses under the provisions of Article 2700, Revised Civil Statutes, 1925, would cover and include both traveling and office expense.

Trusting the above answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:FG

APPROVED:

ATTORNEY GENERAL OF TEXAS